Filed 10/30/14  Knutsson v. KTXL CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| KURT KNUTSSON et al., | B252347 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC500792) |
| v. | |
| KTXL, LLC et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge.  Affirmed.

Barnes & Thornburg, Stephen R. Mick and Christian A. Jordan for Defendants and Appellants.

Judith Salkow Shapiro; Moskowitz Law Group and Karen Moskowitz for Plaintiffs and Respondents.

Defendants, are the following non-California television stations: KTXL, LLC; KXWB, LLC; KIAH, LLC; WSFL, LLC; KDAF, LLC; WPHL, LLC; WPMT, LLC; WXMI, LLC; WGN Continental Broadcasting Company, LLC; WPIX, LLC; Tribune Broadcasting Seattle, LLC; Tribune Broadcasting Hartford, LLC; Tribune Broadcasting Indianapolis, LLC; Television New Orleans, Inc.; and KPLR, Inc. The codefendant is KTLA, LLC. Defendants appeal from an order denying their petition to compel arbitration and for a stay. Defendant sought to compel arbitration with plaintiffs, Kurt Knutsson and Woojivas, Incorporated. The trial court denied the motion to compel arbitration. We affirm.

In *Knutsson v. KTLA, LLC* (2014) 228 Cal.App.4th 1118, 1126-1136 (*Knutsson*), we held the trial court correctly denied a petition to compel arbitration brought the codefendant,. KTLA, LLC. Here, no arbitration agreement exists between defendants and plaintiffs. Further, our decision in *Knutsson*, *supra*, is controlling in terms of any rights defendants have to compel arbitration. Defendants were not entitled to compel arbitration nor a stay attendant to such proceedings. And, we need not address the merits of defendants' contentions concerning the Code of Civil Procedure section 916 automatic stay. The remittitur will issue in *Knutsson*, *supra*, before it does in this case. Thus, once the remittitur issues in *Knutsson*, *supra*, the automatic stay will have no effect in our case. Any contention concerning the automatic stay is moot. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541; *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.)

2

The orders under review are affirmed.  Plaintiffs, Kurt Knutsson and Woojivas, Incorporated, are to recover their costs incurred on appeal from defendants:  KTXL, LLC; KXWB, LLC; KIAH, LLC; WSFL, LLC; KDAF, LLC; WPHL, LLC; WPMT, LLC; WXMI, LLC; WGN Continental Broadcasting Company, LLC; WPIX, LLC; Tribune Broadcasting Seattle, LLC; Tribune Broadcasting Hartford, LLC; Tribune Broadcasting Indianapolis, LLC; Television New Orleans, Inc.; and KPLR, Inc.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

KRIEGLER, J.

3